Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN HAUETER,<br><br>       Plaintiff,<br><br>v.<br><br>CHAPMAN FINANCIAL SERVICES OF WA, INC.,<br><br>       Defendant. | **COMPLAINT**<br><br><br>Case no: 2:10-cv-01051-DAK<br><br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Susan Haueter ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

1

4. Defendant, Chapman Financial Services of WA, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Defendant sent Plaintiff a letter dated February 5, 2010 ("February letter").

10. The February letter stated that the debt had been "assigned" to Chapman Financial Services.

11. The February letter also stated that the original creditor, Mountain Star PAML, was Defendant's client.

12. Saying that the debt had been "assigned" to Defendant did not adequately convey to an unsophisticated consumer that Chapman Financial Services owned the debt.

13. To the extent Defendant's actions, detailed in paragraphs 8-11, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692g(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 22nd day of October, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Sandy, UT

3